IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INCENTIVE SOLUTIONS, INC. a Georgia corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: |
| v. | ) ) ) | 1:14-CV-3687-RWS |
| INCENTIVE SOLUTIONS, LLC, | ) ) ) | |
| Defendant | ) ) | |

## VERIFIED COMPLAINT

Plaintiff is forced to file this Complaint because Defendant will not discontinue use of Plaintiff's trademark, INCENTIVE SOLUTIONS. Plaintiff is the senior user of INCENTIVE SOLUTIONS and Defendant has persisted use of the *identical* mark in connection with services which are *nearly identical* to the services Plaintiff offers under that Mark.

In addition to infringing Plaintiff's common law trademark rights in Plaintiff's mark INCENTIVE SOLUTIONS, Defendant is infringing Plaintiff's federally registered trademark, INCENTIVE SOLUTIONS IDEAS THAT WORK.

This is a classic case of trademark infringement by Defendant which must be stopped.

## Jurisdiction

1. This trademark infringement action arises under the Lanham Act (15 U.S.C. §§ 1051-1127). The Court has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a) and (b).

2. The Court has supplemental jurisdiction over Plaintiff Incentive Solution Inc.'s state law claims based on 28 U.S.C. § 1367.

## Parties

3. Plaintiff Incentive Solutions, Inc. is a Georgia Corporation with a place of business at 2299 Perimeter Park Dr., Suite 150, Atlanta, Georgia 30341.

4. Defendant Incentive Solutions, LLC is a South Carolina Corporation with a place of business at 7 McKenna Commons Court, Greenville, South Carolina 29615.

5. Defendant can be served with process through its registered agent, Carolyn B. Greene at 48 Parkway Commons Way, Greer, South Carolina, 29650.

6. This Court has personal jurisdiction over Defendant under O.C.G.A. §9-10-91 because Defendant transacts business within this state. For example, as recently as October 8-10, 2014, Defendant attended the Georgia Safety Health and

Environment Conference, where it used the infringing trademark to promote its competitive services.

7. Defendant is also subject to personal jurisdiction in this Court because Defendant has committed tortious acts of trademark infringement in the State of Georgia. For example, Defendant infringed Plaintiff's trademark rights at the Georgia Safety Health and Environment Conference on October 8-10, 2014.

## Venue

8. Venue is proper in this jurisdictional under 28 U.S.C § 1391(b)(2) because all or a substantial part of the events giving rise to the claim occurred in this judicial district.

## Factual Allegations Relating to Plaintiff

9. Plaintiff is the owner of a federal trademark registration, Reg. No. 2022029, issued by the United States Patent and Trademark Office on December 10, 1996 for INCENTIVE SOLUTIONS – IDEAS THAT WORK. *See* Exhibit A.

10. In 1994, Plaintiff began using in interstate commerce the trademark INCENTIVE SOLUTIONS and INCENTIVE SOLUTIONS – IDEAS THAT WORK (collectively referred to as the "Marks").

11. For twenty years, Plaintiff has been promoting its services in interstate commerce under the Marks. Plaintiff has built a substantial amount of goodwill in the Marks in connection with Plaintiff's business.

12. Plaintiff's trademark registration is for a strong mark which has acquired secondary meaning in the industry and is well-known in the industry as a designation of source for business consulting services in the field of merchandise delivery and travel industry.

13. Plaintiff's INCENTIVE SOLUTIONS – IDEAS THAT WORK Mark was made incontestable by the Trademark Office on August 25, 2002.

14. In addition to its federal registration, Plaintiff has common law trademark rights based on its use of INCENTIVE SOLUTIONS in connection with business consulting services in its home state of Georgia and in interstate commerce, including in South Carolina. *See* Exhibits B-D, which are examples of Plaintiff's use of the Marks.

15. Such use in interstate commerce began at least as early as May 20, 1994 and in South Carolina specifically, not later than 1999.

16. Plaintiff registered the domain name <incentivesolutions.com> on November 4, 1997 and placed content on it not later than October 1999.

17. Plaintiff's Marks are recognized by consumers as the trademark of Plaintiff.

18. Plaintiff has developed substantial goodwill in the Marks in connection with Plaintiff's services.

19. By virtue of Plaintiff's use of its Marks and customer's recognition that the Mark is Plaintiff's trademark, Plaintiff is the exclusive owner of the Marks in connection with business consulting services.

## Factual Allegations Relating to Defendant

20. Defendant is a corporation offering employee enticement services in Georgia, South Carolina and the United States.

21. Defendant offers its services under the name "Incentive Solutions" and logo (the "Infringing Marks") which are identical and therefore confusingly similar to Plaintiff's Marks.  *See* Exhibit E.

22. In addition to the Infringing Marks being confusingly similar to Plaintiff's Marks, Defendant uses the Infringing Marks on services which are closely similar, if not identical to Plaintiff's services.

23. A likelihood of confusion exists as long as Defendant continues to use the Infringing Marks.

24. In fact, actual confusion has already occurred with customers wrongly believing that Defendant's services are provided by Plaintiff or are associated or connected with Plaintiff or having the sponsorship, endorsement or approval of Plaintiff. *See* Exhibit F. Such actual confusion is detrimental to the substantial goodwill that Plaintiff has developed in connection with its Marks.

25. Adding to the confusion, Plaintiff and Defendant appear immediately next to each other on Google's search results page:

> **Incentive Solutions: Home**
> www.**incentivesolutions**.com/
> **Incentive Solutions**, and the employees there, have always demonstrated that they cared about me, my operations and my participants and are willing to go the ...
> Google+ page · Be the first to review
>
> 2337 Perimeter Park Dr, Atlanta, GA 30341
> (866) 567-7432
> Gift Card Incentive Programs - Implementation
>
> **Incentive Solutions**
> www.is-programs.com/
> **Incentive Solutions** specializes in workplace safety programs. Behavior based safety programs that work. Guaranteed. Quality products. Service and support.

## COUNT I

### Infringement of Federal Registered Mark (15 U.S.C. §1114)

26. Plaintiff repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 24 above and those in Paragraphs 30 through 35 below, as if fully set forth herein.

27. Defendant's use of the Infringing Marks infringes upon Plaintiff's federally registered mark, Reg. No. Reg. No. 2022029 for the mark INCENTIVE SOLUTIONS – IDEAS THAT WORK.

28. Defendant's use of the Infringing Marks has caused actual confusion and is likely to cause further confusion, deception, and mistake by creating the false and misleading impression that Defendant's services are provided by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

29. Defendant has used marks confusingly similar to Plaintiff's federally registered mark in violation of 15 U.S.C. § 1114, and Defendant's activities have caused, and unless caused by this Court, will continue to cause a likelihood of confusion and deception of the members of the trade and the public, and additionally injury to Plaintiff's goodwill and reputation as symbolized by its federally registered INCENTIVE SOLUTIONS – IDEAS THAT WORK Mark, for which Plaintiff has no adequate remedy at law.

30. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered INCENTIVE SOLUTIONS – IDEAS THAT WORK Mark to Plaintiff's great and irreparable injury.

31. Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II

### Infringement of Non-Registered Trademark, False Designation of Origin and Unfair Competition Under Lanham Act § 43(a) (15 U.S.C.A. § 1125(a))

32. Plaintiff repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 30 above and those in Paragraphs 34 through 35 below, as if fully set forth herein.

33. Defendant's use of its identical Infringing Marks is likely to cause confusion with Plaintiff's INCENTIVE SOLUTION Mark.

34. In addition to the identicalness of the Infringing Marks, Defendants' Infringing Marks are confusingly similar to Plaintiff's Marks, such that consumers and other members of the public are actually confusing the two and are likely to continue to confuse the two.

35. Additionally, Defendant's uses of the Infringing Marks constitute false designation of origin and unfair competition by infringing the Plaintiff's INCENTIVE SOLUTIONS Mark and by falsely representing to the public that

Defendant's services are provided by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

## Count III

### Trademark Infringement Under Georgia and South Carolina Common Law and Under O.C.G.A. § 23-2-55

36. Plaintiff repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 34 above and those in Paragraphs 30 through 35 below, as if fully set forth herein.

37. Defendant's Infringing Marks are identical to and confusingly similar to Plaintiff's Marks, such that consumers are actually confusing the two and are likely to continue to confuse the two. Moreover, Plaintiff is the senior user over Defendant. Defendant's actions violate Plaintiff's common law rights in Georgia, in South Carolina and throughout the United States.

## Jury Demand

Plaintiff demands a trial by jury for all issues so triable.

## Prayer For Relief

WHEREFORE, Plaintiff requests the following relief:

1. Preliminarily and permanently enjoin and restrain Defendant from:

(i)     using its federally registered INCENTIVE SOLUTIONS – IDEAS THAT WORK and its INCENTIVE SOLUTIONS Mark or confusingly similar deviations of Plaintiff's marks in the United States in connection;

(ii)    doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or the trade or to lead persons into the erroneous belief that Defendant or any of Defendant's services or products are associated with Plaintiff; and

(iii)   compete unfairly with Winner Management Corporation in any manner not otherwise described in this Prayer for Relief;

(B)     Direct Defendant to destroy all materials in their possession, custody, or control, which use or otherwise contain any of the infringing marks, under 15 U.S.C. § 1118;

(C)     Require Defendant, under 15 U.S.C. § 1117, to account to Winner Management Corporation for any and all profits derived by it, and for all damages sustained by Winner Management Corporation by reason of Defendants' acts complained of herein;

(D)     Impose treble damages against Defendant for its willful trademark infringement, under 15 U.S.C. § 1117;

(F)     Award Winner Management Corporation its reasonable attorney's fees, costs, and disbursements incurred on account of this civil action, under 15 U.S.C. § 1117;

(G) Award Winner Management Corporation such other and further relief as the Court may deem just and proper.

Respectfully submitted this 17th day of November, 2014.


**LILENFELD PC**

*/s/David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Kaitlyn A. Dalton
Georgia Bar No. 431935
Attorneys for Plaintiff

2970 Peachtree Road, NW, Suite 530
Atlanta, Georgia  30305
Phone: (404) 201-2520
Facsimile: (404) 393-9710
david@lilenfeldpc.com
robin@lilenfeldpc.com
kaitlyn@lilenfeldpc.com

## **VERIFICATION**

STATE OF GEORGIA

COUNTY OF FULTON

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Steve Damerow, who after first being duly sworn, states:

1. I am the I am the Founder and Chief Executive Officer of Incentive Solutions, Inc. and in such capacity am authorized to make this verification for an on behalf of Plaintiff Incentive Solutions, Inc.

2. I have read the foregoing Complaint and the factual allegations are true to the best of my knowledge, except as to the matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be correct.

FURTHER AFFIANT SAYETH NOT.

_____         11/10/14
STEVE DAMEROW                            DATE